I concur in the scholarly majority opinion in all respects except its supportive references to Huffman v. State, 651 So.2d 78 (Ala.Crim.App. 1994), and Allen v. State, 689 So.2d 212 (Ala.Crim.App. 1995). Huffman
violates the binding precedent of Minnesota v. Dickerson, 508 U.S. 366
(1993), but rationalizes the violation by making an illusory factual distinction. Allen, in turn, is a prime example of the abuses that can result from Huffman. Both cases encourage unconstitutional intrusions and disingenuous testimony by police officers.
The majority opinion is commendable in that it obeys the paramount law proclaimed by the Fourth Amendment to the United States Constitution and Article 1, § 5, of the Constitution of Alabama of 1901, respectively, as follows:
 "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
Amendment IV, Constitution of the United States.
 "That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation.
Article I, § 5, Constitution of Alabama of 1901. This paramount law prohibits a law-enforcement officer from searching a private citizen without probable cause. Any modern law-enforcement officer is perfectly able in both intellect and training to follow this law. A law-enforcement officer may encounter frustration only if he undertakes to abuse Terry v. Ohio, 392 U.S. 1 (1968), and Minnesota v. Dickerson,508 U.S. 366 (1993), by extending what should be a minimally intrusive patdown for weapons that might *Page 96 
pose an immediate danger to an officer asking a few noncustodial questions, into a full, intimate, body-feeling search for whatever might advance the officer's investigation. A Terry patdown (by definition, without probable cause at the outset) cannot constitutionally include the groping, feeling, intrusion, and inspection permissible in searches with probable cause or searches of prisoners, including those just arrested.
Allowing searches beyond constitutional limits would solve or detect some more crimes, as a number of authoritarian governments around the world have proved. Allowing searches beyond constitutional limits, however, would convert the authorities themselves from the solution into the problem, as the same authoritarian governments have likewise proved.
The founders of our country opted for the balance of limited government, which has become a blessing to our citizens and a tradition revered at home and famous abroad. Limited government necessarily entails some limits on the government.